927 F.2d 605
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re SOUTHERN INDUSTRIAL BANKING CORPORATION, doing
business as Daveco, Debtor.
Thomas E. DUVOISIN, Liquidating Trustee of Plan and
Creditors' Liquidation Trust Southern Industrial
Bank Corporation,
Plaintiff-Appellant/Cross-Appellee,
v.
KENNERLY, MONTGOMERY, HOWARD & FINLEY, a General
Partnership, Defendant-Appellee/Cross-Appellant,
W.W. Kennerly; Lewis S. Howard; Robert A. Finley; C.A.
Ridge, Jr.; L. Anderson Galyon, III; Darryl G. Lowe;
Thomas C. Cravens, III; Alexander M. Taylor, Wendell
Thomas, Jr.; Mary Montgomery, Executrix of the Estate of
George D. Montgomery; Jack M. Tallent, II (90-6581)
Defendants-Appellees
United States of America (90-6581), Intervenor-Appellee.
 Nos. 90-6581, 91-5110.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1991.
 
 E.D. Tenn., 89-00581, Hull C.J.
 E.D.Tenn.
 DISMISSED.
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges; and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 The trustee in bankruptcy appeals, and the defendants cross-appeal several bankruptcy and district court orders in this adversary proceeding. The defendants now move to dismiss this appeal on grounds that the matter is not yet final for review. The defendants also request dismissal of their cross-appeal in the event the trustee's appeal is dismissed. The plaintiffs have responded in opposition.
 
 
 2
 This action against the defendant was based on three sets of claims: securities fraud, malpractice, and recovery of fraudulent transfers and avoidable preferences. All issues relating to the first two sets of claims have been fully litigated. However, the district court remanded the case to the bankrupty court for further determinations with respect to damages on the fraudulent transfer and avoidable preference claims. The district court has denied a motion by the trustee to certify this case for immediate appeal pursuant to Fed.R.Civ.P. 54(b) and/or 28 U.S.C. Sec. 1292(b).
 
 
 3
 This complex litigation has a lengthy history with at least two previous sets of appeals to this court being dismissed for nonfinality. In denying certification for immediate appeal, the district court noted that the litigation appears "interminable." Nevertheless, upon review we conclude that there remain factual findings pertinent to the ultimate determination of damages. Accordingly, the matter is not yet final for review by this court. See In Re: Frederick Petroleum Corp., 912 F.2d 850 (6th Cir.1990).
 
 
 4
 It is therefore ORDERED that the motion to dismiss is granted (Case No. 90-6581). The defendants' cross-appeal (Case No. 91-5110) is also dismissed for lack of jurisdiction.